UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION (CIVIL DOCKET)
*(Electronically Filed)*

| | | |
|---|---|---|
| MITCHELL D. BAILEY </br> 5219 Falcon Road </br> Salyersville, KY 41465 </br> </br>        Plaintiff </br> </br> v. </br> </br> AK BROTHERS </br> 1231 Deerfield Pkwy, #201 </br> Buffalo Grove, IL 60089 </br> </br> And </br> </br> AIBEK RAMAZANOV </br> 162 Morton Drive </br> Daly City, CA 94015 </br> </br>        Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Civil Action No. _____ </br> </br> </br> </br> </br> COMPLAINT </br> WITH JURY DEMAND |

  Comes now the Plaintiff, Mitchell D. Bailey, by and through counsel, and for his causes of action against Defendants, AK Brothers and Aibek Ramazanov states:

  1. At all times relevant hereto, Mitchell D. Bailey, Plaintiff (hereinafter "Mitchell D. Bailey"), was and remains a citizen and resident of Salyersville, Magoffin County, Kentucky.

  2. At all times relevant hereto, Defendant company, AK Brothers was and remains registered with the Federal Motor Carrier Safety Administration with a USDOT number of 03593921 and is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Buffalo Grove, Illinois thereby making it a citizen of Illinois.

1

3. At all times relevant hereto, Defendant, Aibek Ramazanov, was a citizen of 162 Morton Drive, Daly City, CA 94015.

4. At all relevant times, Defendant Aibek Ramazanov was the employee, agent, servant, and/or statutory employee for Defendant, AK Brothers, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant AK Brothers who is vicariously liable for the acts of Defendant, Aibek Ramazanov.

5. The incident which forms the basis of this litigation occurred on May 7, 2022, in Salyersville, Magoffin County, Kentucky.

6. Jurisdiction is proper under 28 U.S.C. § 1332 because the amount in controversy, exclusive of interest and costs, exceeds the minimal jurisdictional amount of $75,000.00. Furthermore, the actions complained of occurred in Magoffin County, Kentucky and the parties to this civil action are citizens of diverse jurisdictions with Mitchell Bailey not having the same citizenship as any Defendant.

7. Venue is proper under 28 U.S.C. § 1391(a) because the actions complained of took place in Magoffin County, Kentucky making the United States District Court for the Eastern District of Kentucky, Pikeville Division (Civil Docket) the proper Court pursuant to LR 3.1(a)(2)(B).

8. On May 7, 2022, at approximately 7:20 p.m., Defendant, Aibek Ramazanov was driving a 2012 Volvo VNL Tractor Trailer on Kentucky Route 3048 which is a public highway located in Salyersville, Magoffin County, Kentucky. Upon information and belief, the tractor and trailer were owned by and/or being operated on behalf of Defendant AK Brothers.

9. As Defendant, Aibek Ramazanov, was traveling east on Kentucky Route 3048 he negligently operated his Tractor Trailer and caused it to enter the lane of the Plaintiff Mitchell D.

Bailey who was also traveling east on Kentucky Route 3048 and Defendant Ramazanov caused the trailer of said vehicle to violently collide with the 2008 Chevrolet Impala owned and operated by Mitchell D. Bailey.

10. Defendant Aibek Ramazanov operated his truck and trailer in a negligent, careless, and reckless manner causing serious injuries to Mitchell D. Bailey.

11. Defendant Aibek Ramazanov violated state and federal statutes and regulations, including but not limited to KRS 189.090, KRS 189.290, KRS 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Mitchell D. Bailey, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

12. Defendant AK Brothers had a duty to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant Aibek Ramazanov, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

13. Defendant AK Brothers had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

14. Defendant AK Brothers was negligent, careless, and reckless regarding the duties set forth in Paragraphs, 12-13, above, causing serious injuries to Mitchell D. Bailey.

15. Defendant AK Brothers violated state and federal statutes and regulations, including but not limited to KRS 189.090, KRS 189.2224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Mitchell D. Bailey, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

16. As a direct and proximate result of the negligence and negligence per se of the Defendants AK Brothers and Aibek Ramazanov, Mitchell D. Bailey sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life, and he will continue to suffer such damage in the future, his injuries being permanent in nature; that he has suffered severe emotional distress and/or the negligent infliction of emotional distress; that he is subject to increased risk of future harm; that he has incurred large sums of money for physicians and medical expenses in treatment of said injuries and will be required to incur large sums of money for physicians and medical expenses in the future, his injuries being permanent in nature; and that his ability to earn wages in the future is impaired due to his injuries being permanent in nature.

17. Defendants AK Brothers and Aibek Ramazanov acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety, and health of others, including Mitchell D. Bailey, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor trailers endanger the lives and safety of the traveling public, which includes Mitchell D. Bailey, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

WHEREFORE, Mitchell D. Bailey, hereby demands as follows:

  A)  Judgment against Defendants, AK Brothers Company and Aibek Ramazanov for a fair and reasonable amount in compensatory damages;

  B)  Judgment against Defendants, AK Brothers Company and Aibek Ramazanov for a fair and reasonable amount in non-apportioned punitive damages;

  C)  Post-judgment interest;

  D)  Court costs;

  E)  Trial by jury;

  F)  For summons to issue as directed in the caption by certified mail; and

  G)  Any and all other relief to which the Mitchell D. Bailey may be entitled.

This the 11th day of August, 2022.

      Respectfully submitted,

      */s/William W. Tinker, III*
      William W. Tinker, III
      Donald W. McFarland
      McFarland │ Tinker
      P.O. Box 209
      Salyersville, Kentucky 41465
      Telephone: 606-349-9000
      Facsimile:  606-349-7100
      Email: don@mcfarland-tinker.com
      Email: bill2018@mcfarland-tinker.com
      *Counsel for Plaintiff, Mitchell D. Bailey*